UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Bellamy, ) | C/A No. 4:14-3049-JMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Attorney William Gary White, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil action filed by a pro se litigant proceeding *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Background

Albert Bellamy ("Plaintiff") submitted a pro se Complaint citing to 42 U.S.C. § 1983, 1985, 2000cc as the basis for federal jurisdiction over the pleading and requesting exercise of pendent jurisdiction. ECF No. 1 at 1. Plaintiff alleges numerous instances in which he contends Defendant acted with "negligence" and breached his "fiduciary duty" in connection with Defendant's legal representation of Plaintiff in a previous case before this court. *Id*. at 2-7; *see Bellamy v. Fox*, Civil Action No. 4:09-1691-JMC. Plaintiff seeks "actual and consequential damages" and other unspecified relief. *Id*. at 7.

Although Plaintiff alleges that Defendant was "practicing law in his official capacities as an officer of the court . . . and under color of the laws, ordinances, customs and usages of . . . the State of South Carolina," *id*. at 2, it is clear from the face of the pleading and from review of the docket of the related case that Defendant was serving Plaintiff as privately retained counsel in

connection with that case until July 30, 2012, when the court granted his motion to withdraw from representation. *Bellamy v. Fox*, Civil Action No. 4:09-1691-JMC (ECF No. 95); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions

never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.    Discussion

In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction, *see Sosna v. Iowa*, 419 U.S. 393, 398 (1975). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in this Complaint do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading. First, there is no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─
>
> (1) *citizens of different States*[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978). This court has no diversity jurisdiction over this case because Plaintiff and Defendant are both residents of South Carolina. ECF No. 1 at 2. The court need not consider the amount in controversy.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Plaintiff's Complaint involves a routine legal malpractice action. Generally, such claims are matters of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e.g.*, *Spence v. Wingate*, 716 S.E.2d 920 (S.C. 2011); *Kimmer v. Wright*, 719 S.E.2d 265 (S.C. Ct. App. 2011). Plaintiff cites to certain civil rights-related federal

statutes: 42 U.S.C. §§ 1983, 1985, 2000cc. He also asserts that this case "arises under the Fourth and Fourteenth Amendments to the United States Constitution . . . ." ECF No. 1 at 1. Mere citation to federal statutes and the federal constitution is insufficient to invoke the court's jurisdiction.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right; and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). It is settled that an attorney, whether privately retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender).

This court is not bound by Plaintiff's broad legal conclusions that state action was involved in Defendant's legal representation, ECF No. 1 at 2, and is entitled to disregard them

5

because the facts do not support Plaintiff's conclusion. When considering whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Because this court is justified in disregarding his unsupported, conclusory allegations of state action by Defendant, Plaintiff fails to state a plausible § 1983 claim against Defendant. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). Additionally, § 1985 requires specific allegations of conspiracy to commit race-based (or other class-based) discrimination of which there are none in Plaintiff's Complaint. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985); *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (same). Thus, no plausible § 1985 claim is stated in this case. Moreover, the only other

federal statute cited by Plaintiff as support for his assertion of federal jurisdiction in this case, 42 U.S.C. § 2000cc, involves claims of burdens on religious exercise in connection with governmental land use authority and has no application to the relationship between Plaintiff and Defendant or to the lawsuit in which Defendant served as Plaintiff's legal counsel. Under the allegations contained in the Complaint under review, none of the cited statutes provide federal subject matter jurisdiction over Plaintiff's claims against Defendant. Furthermore, this court should decline to continue the action as to any pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore, in absence of any plausible claims arising under either federal question or diversity jurisdiction as discussed above, there is also no basis for this court to exercise supplemental (pendent) jurisdiction.

IV.     Recommendation

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

August 8, 2014                                              Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**