# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Albert Bellamy, ) | |
| ) | Civil Action No. 4:14-cv-03049-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Attorney William Gary White, III, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

      Albert Bellamy ("Plaintiff"), proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. §§ 1983, 1985, and 2000cc. (ECF No. 1). Specifically, Plaintiff asserts claims of negligence and breach of fiduciary duty against Attorney William Gary White, III ("Defendant") for Defendant's conduct in representing Plaintiff in a previous trial before this court. (ECF No. 1 at 5-7). Plaintiff asserts that Defendant acted under the color of law of South Carolina because he was practicing law in his official capacity as an officer of the court. (ECF No. 1 at 2). Plaintiff requests that this court enter a judgment against Defendant, and award Plaintiff actual and consequential damages, as well as court costs. (ECF No. 1 at 7).

      This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B) (2006), which requires the court to dismiss civil actions filed in forma pauperis if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kaymani West for a Report and Recommendation. On August 8, 2014, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that this court dismiss the complaint without prejudice. (ECF No. 11). The Report sets forth in detail the relevant facts and legal standards on

this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report. (ECF No. 11-1). Objections must specifically identify the portions of the Report to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that,

under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff filed a Response/Objection ("Objection") to the Report on August 26, 2014. (ECF No. 13). In his Objection, Plaintiff thanks the court for considering his Complaint and indicates that he understands the appropriate venue for this legal malpractice action is state court. Plaintiff's statements demonstrate his understanding of the issues presented by the Magistrate and do not provide any objections to the Report. Accordingly, because Plaintiff has failed to assert specific objections to the Report, this court is not required to conduct a *de novo* review.

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11). It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED**

J. Michelle Childs

United States District Judge

May 3, 2016
Columbia, South Carolina